## THE STATE OF IOWA *v.* FOSTER.

Chapter 124 of the Code, refers to civil cases, or applications to revive judgments; and chapter 198 has reference to forfeited recognizances in criminal cases.

In *scire facias* on a forfeited recognizance, no petition is necessary. The record on which the writ is based, stands in the place of a petition.

The record is an entirety, and must all be taken together, and when so considered, must show the right of the state to have the recognizance estreated; but all these things need not appear in the *scire facias*.

Where the record contained a demurrer to an answer, and a replication, but no answer was found in, or otherwise referred to by, the record; *Held*, That the evidence was insufficient to warrant the appellate court in holding that the defendants did answer in the court below.

Where a *scire facias* on a forfeited recognizance, recited that the recognizance

was entered into on the 13th of September, 1854: that the person charged was in custody of the sheriff of Davis county (in which county the indictment was found); that he and his surety entered into an obligation in open court, conditioned that the principal should appear at the next term of the District Court of Appanoose county, Iowa, it being the September term of said court, to answer to said charge contained in the indictment; and that at the said September term, to wit: on the 19th day of September, 1854, the said principal was duly called as the law requires, and made default; *Held*, That the writ contained sufficient to entitle the state to a judgment.

### Appeal from the Appanoose District Court.

SCIRE FACIAS. To the writ, there is a demurrer, which was overruled, and defendants failing to answer over, judgment was entered for the amount of the recognizance against the defendants. The record also shows a demurrer to an answer, and a replication, but no answer is before us, or otherwise referred to in the record,

*Palmer & Trimble,* for the appellant.

*Clarke & Henley* (for the attorney general), for the state.

WRIGHT, C. J.—It is first claimed by the state, that the assumed answer, waived the demurrer filed by defendant. To sustain this position, we should want more evidence than is now before us, that defendants did answer. It would be an unsafe rule to say, that a defendant waives a demurrer by answering, when the only evidence of the existence of such an answer, is, that a plaintiff demurs and replies to an answer that does not appear to have ever been made or filed. If this was the rule, a plaintiff could, by his own pleading, always make a defendant waive his demurrer.

We have examined the demurrer to the *scire facias*, however, and conclude that it was properly overruled. This *scire facias* was sued out under chapter 198 of the Code, and not under chapter 124, as appears to be assumed by the defendants. The latter chapter, refers to civil cases or applications to revive judgments; the former, to forfeited recognizances in criminal cases. The writ, in this case, is not, it

The State of Iowa v. Foster.

is true, the most formal in all its parts—but taken as true (as it is by the demurrer), we think, it contains sufficient to entitle the state to a judgment.   Most of the defendant's argument, is based upon a misconception of what is contained in the writ, and a wrong impression of the law applicable thereto.   It is urged, for instance, .that the *scire facias* does not show that the principal in the undertaking, was bound to answer at the September term, 1854, of the Appanoose District Court.   The writ·does state, however, that the person charged was in the custody of an officer (the proper sheriff), and that he and his surety entered into obligation in open court, conditioned that the principal should "appear at the next term of the District Court of Appanoose county, Iowa, it being the September term of said court, to answer to said charge, &c.," and then proceeds to state, that at the said September term, to wit : on the 19th of Sept., 1854, the said principal (John Foster) was called, and made default. It also alleges, that the recognizance was entered into in the Davis county District Court, on the 15th of September, 1854. Taking these allegations together, the only fair conclusion is, that the person charged was to appear at the next term of the Appanoose District Court, to wit, September term, 1854, and especially so, when by reference to the law fixing the time of that court, of which courts will take judicial notice, the next term was to be so held in September.

Again, it must be remembered, that the record upon which said *scire facias* was based, stands in the place of a petition, and to that, reference might properly be had.   No petition is necessary in such cases.   *State* v. *Leighton et al.*

This record is an entirety, and must all be taken together ; and when:so considered, must show the right of the state to have the recognizance estreated.   *State* v. *Gorley and Cloud*, 1 Iowa, 52.   But all these things need not appear in the *scire facias*.

Judgment affirmed.